```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
DAMION HENRY,                       :    CIVIL ACTION
                                    :
              Petitioner,           :
                                    :
         v.                         :    NO. 08-4496
                                    :
EVANGELIA A. KLAPAKIS,              :
                                    :
              Respondent.           :
_____ :
```

ARNOLD C. RAPOPORT
United States Magistrate Judge

### REPORT AND RECOMMENDATION

Presently before the Court is the Petition for Writ of Habeas Corpus filed on September 15, 2008, by the Petitioner, Damion Henry ("Petitioner"). The Petitioner is currently incarcerated in York County Prison. For the reasons that follow, it is recommended that the Petition should be denied without prejudice.

I. PROCEDURAL HISTORY[1]

Petitioner, a twenty -eight year old native and citizen of Jamaica, entered the United States as a Lawful Permanent Resident on October 16, 1980. Petitioner was later arrested and convicted on May 10, 2005, of Use of a Firearm During a Drug-Trafficking Offense in the United States District Court for the

---
[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and all records attached to those pleadings.

Southern District of New York.  Petitioner was sentenced to sixty (60) months imprisonment.

Once Petitioner was released from state custody, he was taken into custody by the Department of Homeland Security, Immigration and Customs Enforcement (ICE).  On March 18, 2008, ICE filed a Notice to Appeal, charging Petitioner with removability under the Immigration and Nationality Act ("INA") for having been convicted of an aggravated felony, for having been convicted of a violation of a law relating to a controlled substance, and for having been convicted of possessing a firearm.  See Ex. A to Response.

Petitioner filed his habeas petition on September 18, 2008, and it was assigned to the Honorable J. Curtis Joyner.  On December 19, 2008, Judge Joyner referred this matter to the undersigned for preparation of a Report and Recommendation.  On January 9, 2009, the United States Attorney for the Eastern District of Pennsylvania was ordered to file a response, and the Response was filed on February 9, 2009.  Petitioner's Petition appears to claim that he should be released on bond pending his removal from the United States.  The government contends that the Petition must be dismissed because: (1) this Court lacks jurisdiction to hear Petitioner's challenge to his detention; and

(2) Petitioner's detention is lawful under the INA.  Resp., p. 5-11.

      II.   DISCUSSION

This Court must first satisfy itself that it has subject matter jurisdiction over this Petition.  See Douglas v. Ashcroft, 374 F.3d 230, 234 (3d Cir. 2004).  On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, 119 Stat. 231 (2005).  Section 106(a)(1)(B) of the Act amended Section 242(a) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252(a), providing that the "sole and exclusive means for judicial review" of an order of removal shall be a petition for review filed with an appropriate court of appeals.  8 U.S.C. § 1252(a)(5).  The REAL ID Act expressly eliminated district courts' habeas jurisdiction over removal orders.  Id.  Thus, based upon the jurisdictional provisions of the REAL ID Act, to the extent Petitioner challenges the legality of his removal order, Petitioner must file a petition for review in the appropriate Court of Appeals.  See Bonhometre v. Gonzales, 414 F.3d 442, 445-446 (3d Cir. 2005).

However, a review of the Petition in this matter shows that Petitioner is in fact arguing that he should be released on bond pending his removal.  Pet., p. 1.  The REAL ID Act did not

affect the district courts' habeas corpus jurisdiction over review of habeas claims other than those involving removal. The Third Circuit has stated that the REAL ID Act "applies only to aliens who are challenging an order of removal via habeas corpus. An alien challenging the legality of his *detention* still may petition for habeas corpus." Bonhometre, 414 F.3d at 446 n.4. Therefore, this Court maintains jurisdiction over any of Petitioner's claims challenging his detention, but not those related to his final order of removal. To the extent that Petitioner challenges his detention, however, this Court must still dismiss this Petition for lack of jurisdiction. See 28 U.S.C. § 2241(a)(stating district court only has power to grant writ if it has jurisdiction over petitioner's custodian).

"The statute governing jurisdiction over writs of habeas corpus provides that writs may be granted by the district courts . . . within their respective jurisdictions." Nasereddin v. Dept. of Homeland Security, 07-877, 2007 WL 1276955, at *1 (E.D. Pa. Apr. 27, 2007) (Green, J.) citing 28 U.S.C. § 2241(a). It has been noted that the phrase "within their respective jurisdictions" means that a "writ of habeas corpus acts not upon the prisoner, but upon the prisoner's custodian, and that only those courts with jurisdiction over the custodians, that is,

4

those courts within the 'district of confinement', may issue the writ."  Nasereddin, 2007 WL 1276955 at *1, citing Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2722 (2004)(habeas petitions challenging present physical confinement, jurisdiction lies only in the district of confinement); see Donohue v. Schultz, No. 06-3248, 2007 WL 172334, at *1 (E.D. Pa. Jan. 22, 2007) (Tucker, J.)  Thus, a § 2241 petition must be presented to the "district court in the United States District where the petitioner is incarcerated."  Nasereddin, 2007 WL 1276955 at *1, citing U.S. v. Allen, 124 Fed. Appx. 719, 721 (3d Cir. 2005)(internal citations omitted).

Accordingly, we find that to the extent Petitioner challenges his present physical confinement by claiming his entitlement to release on bond while awaiting removal, his claim must be filed in the district of confinement.  Petitioner is presently confined in York County Prison, which is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.  See 28 U.S.C. § 118 (b)(stating that York County is located in the Middle District of Pennsylvania.)  Because jurisdiction for habeas petitions challenging present physical confinement lies only in the district of confinement, Padilla, 124 S.Ct. at 2722-2723, jurisdiction lies in the Middle

5

District of Pennsylvania whether both Petitioner and his custodian are located and not in this Court.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the Court lacks jurisdiction over the instant Petition.

Therefore, I make the following:

**<u>RECOMMENDATION</u>**

AND NOW, this 27th day of February, 2009, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus should be DENIED without prejudice.  Petitioner shall have the right to re-file his Petition in a manner consistent with this Report.

        BY THE COURT:


        /s/ Arnold C. Rapoport
        ARNOLD C. RAPOPORT,
        United States Magistrate Judge